# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Cornele A. Overstreet, | 2:15-cv-01637-JAD-PAL |
| Petitioner | |
| v. | **Order** |
| Air Traffic Management Consulting Inc., | [ECF 21, 26, 29, 31, 32] |
| Respondent | |

The National Labor Relations Board brings this petition under section 10(j)[1] of the National Labor Relations Act to compel Air Traffic Management Consulting, Inc. to bargain collectively with the International Association of Machinists & Aerospace Workers Union.[2] Though this case is just four days old, the Board has generated thirty-six docket entries. Many are duplicative or unnecessary and fail to comply with the local practice and rules of this district. The net result is five motions targeted at a single result: swift, temporary injunctive relief. These piecemeal, insufficient, and redundant filings have left the record in such disarray that I cannot fairly determine whether the Board is entitled to the relief it seeks. The only judicially economical and practical solution at this point is to deny all pending motions and give the Board detailed instructions for filing a single amended petition.

## Discussion

**A.   The Board's Petition for Temporary Injunction and Request to Exceed Page Limits [ECF 21, 29]**

Section 10(j) of the Act gives the Board the power to petition a federal district court for temporary injunctive relief from an unfair labor practice.[3] The Board invokes this power in its

---

[1] 29 U.S.C. § 160(j). The petition was filed by the Regional Director of the Board's 28th region on behalf of the Board.

[2] International Association of Machinists & Aerospace Workers Union AFL-CIO, Local Lodge 845.

[3] 29 U.S.C. §160(j).


petition for temporary injunction.[4] The petition consists only of numbered paragraphs and lacks any points and authorities to demonstrate why the Board is entitled to relief. Apparently, the Board intends to file a separate memorandum of points and authorities in support of its petition, and it separately moves for permission to exceed the 20-page limit.[5]

The Board does not state how many extra pages it needs. I think it meant to. There's a placeholder for that page number in the motion. Petitioner literally typed: "Petitioner has prepared a Memorandum consisting of ... pages,"[6] leaving a blank for the insertion of that number. This blank makes it impossible for me to determine how many extra pages the Board needs—which is particularly important because the Board repeatedly states that it needs more than the 20 pages that the rule allows. This district's local page-limits rule—Local Rule 7-4—gives petitioner 30 pages, not 20 (for the entire petition including all facts, points and authorities, and request for relief). The Board cites to Local Rule 7-2(e) as the controlling page-limits rule, but 7-2(e) sets time limits, not page limits.

The motion concludes by asking me to "accept Petitioner's contemporaneously-filed Memorandum."[7] But there is no contemporaneously filed memorandum.[8] One was filed the day before this motion for excess pages (as Document 24). If that was the intended memorandum, however, it violates Local Rule 7-4, which requires oversized points and authorities to "include a table of contents and table of authorities."

In sum, the Board's request for a temporary injunction may or may not be supported by points and authorities, and the Board may or may not want or need extra pages to make its point.

**B.     Motion for Order to Show Cause [ECF 26]**

Muddying the record more, the Board filed a separate "Order to Show Cause"—with blanks

---

[4] ECF 21.

[5] ECF 29.

[6] ECF 29 at 4:3.

[7] ECF 29 at 5:20-22.

[8]

for me to fill in (but, strangely, not a signature block).[9] There is, however, no *motion* for an order to show cause. Worse yet, it appears that the person filing this proposed order selected the wrong label for it. As a result, the docket reflects that the Board filed a motion for an order to show cause when, in fact, it just filed an orphan order.[10]

### C. Motion for Trial and Expedited Hearing [ECF 31, 32]

Finally, the Board filed a Motion to Try Petition for Temporary Injunction on the Basis of Administrative Record and Other Documentary Evidence to Support the Warrant for Injunctive Relief[11] and a Motion for an Expedited Hearing. In the "Motion to Try Petition," the Board takes six pages to explain that the court does not need to take additional evidence before it can decide the issues raised by the petition for temporary injunction.[12] With the motion to expedite, the Board takes another two pages to add that "good cause exists to expedite the hearing and pleading schedule in this matter."[13] These are points that could—and should—have been raised in the petition for temporary restraining order and not by separate motions.

### D. Petitioner's Motions Are All Denied Without Prejudice to its Refiling of a Single Amended Petition No Longer than 30 Pages.

The net effect of the Board's five motions and separately filed memorandum of points and authorities is that this petitioner has taken fifty-six pages over six documents to do what it should have done in thirty or less and without filling the docket with needless entries that violate the local rules. I caution the Board that additional abuses like these will be met with appropriate sanctions.[14]

---

[9] ECF 26.

[10] ECF 26 (docket entry notes).

[11] I have no idea what this title means.

[12] ECF 31.

[13] ECF 32 at 2:11-12.

[14] The Ninth Circuit denounced this "spaghetti approach" of "heav[ing] the entire contents of a pot against the wall in hopes that something w[ill] stick" in *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). I decline "to sort through the noodles" to piece together the Board's position. *Id.* "As the Seventh Circuit observed in its now familiar maxim,

The state of the docket makes it judicially inefficient—if not downright impossible—to fairly analyze whether the Board is entitled to section 10(j) relief. The only practical way to manage this situation is to deny the petition without prejudice to the Board's filing of a streamlined, rule-compliant, amended petition. The entry styled as a motion for order to show cause [ECF 26] is denied because there is no motion for order to show cause. The motion for leave to exceed the page limit [ECF 29] is denied because the Board has cited the wrong rule and the wrong page limit and has failed to show that it needs more than 30 pages to present its petition. I assume that the memorandum the Board was seeking approval for was filed without permission at Document 24. I therefore strike it as an unauthorized document. I also deny the Board's motions to try the petition on the papers [ECF 31] and for an expedited briefing schedule and hearing [ECF 32] without prejudice to the Board's ability to raise those same requests within the 30-page limits of its amended petition.

Should the Board file an amended petition, I HEREBY ORDER that:

- The petition must be contained in a single document that contains all facts, arguments, points, authorities, requests for relief, and any verification or certification by the petitioner. No separate memorandum of points and authorities may be filed. The petition is limited to 30 pages, not including exhibits. Based on my review of the Board's submissions to date, I do not find good cause to permit the Board to exceed the 30-page limit.

- Exhibits to the petition must be filed and submitted in compliance with Local Rule 10-3. When citing to the exhibits, the Board should not refer to Bates numbers only; citations must accurately reference the exhibit numbers and the page numbers of the documents within the exhibits. (For example, Ex 6, p. 1). All exhibits must be properly authenticated. *See Orr v. Bank of Amer.*, 285 F.3d 764 (9th Cir. 2002). **Only relevant pages of otherwise voluminous exhibits should be included.**

---

"[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)).

- If the Board desires to provide a proposed draft order granting the relief requested by the petition, it must do so by attaching the proposed order as an exhibit to the petition, not by filing it as a separate docket entry. The title of the document should be "Proposed Order," not simply "Order."
- If ex parte or emergency relief is sought, the Board must also satisfy Local Rule 7-5.

### Conclusion

Accordingly, it is HEREBY ORDERED that petitioner's Petition for Temporary Injunction **[ECF 21] is DENIED** without prejudice to the filing of an amended petition that complies with this order and all applicable rules and procedures;

IT IS FURTHER ORDERED that petitioner's Motion for Leave to File Excess Pages **[ECF 29]**, Motion for Order to Show Cause (which isn't a motion at all) **[ECF 26]**, Motion to Try Petition **[ECF 31], and** Motion for Expedited Hearing **[ECF 32] are all DENIED**;

IT IS FURTHER ORDERED that Petitioner's Memorandum of Points and Authorities in Support of Petition **[ECF 24] is STRICKEN.**

FINALLY, IT IS FURTHER ORDERED that petitioner must serve a copy of this order on the respondent immediately and then file a Notice of Service reflecting when and how that service was made.

Dated this 28th day of August, 2015

_____
Jennifer A. Dorsey
United States District Judge